# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**ABDEL RAHIM JEBARA**
        **Petitioner,**

    **v.**                                     **Case No. 06-C-1137**
                                               **(Criminal Case No. 03-CR-46)**

**UNITED STATES OF AMERICA**
        **Respondent.**

## DECISION AND ORDER

Petitioner Abdel Rahim Jebara filed a motion under 28 U.S.C. § 2255 collaterally attacking his sentence on the ground that his lawyer provided ineffective assistance in failing to challenge petitioner's criminal history. After finding the motion timely, I directed the government to respond and permitted petitioner to reply. I now deny the motion and dismiss the case.

## I. BACKGROUND

Petitioner pleaded guilty to conspiracy to commit mail and wire fraud and to launder money. The charges arose out of a scheme he devised to defraud coupon-issuing manufacturers. Petitioner enlisted various individuals to collect and cut thousands of coupons from newspaper inserts. He and other co-conspirators then recruited more than 300 "stores" (some of which were not actually retail stores) to fraudulently redeem coupons that had not actually been presented by customers making a purchase. Due to the volume of coupons redeemed in this country, manufacturers typically rely on "clearinghouses" to sort them and provide reimbursements, and petitioner's scheme was assisted by an insider at one of the

clearinghouses, who approved the fraudulent reimbursement applications submitted by the stores involved in the scheme. United States v. Jebara, 313 F. Supp. 2d 912, 913 (E.D. Wis. 2004). The scheme caused a loss of more than $5,000,000.

I ordered a pre-sentence report ("PSR"), which set petitioner's offense level at 36 and his criminal history category at III, producing an imprisonment range of 235-293 months under the sentencing guidelines. Petitioner's counsel objected to various offense level enhancements in the PSR and filed a detailed sentencing memorandum setting forth several grounds for leniency, but he did not challenge petitioner's criminal history category or move for a horizontal departure from that category. I accepted several of counsel's guideline arguments, adopting a final offense level of 31 and imprisonment range of 135-168 months. I then granted the government's motion under U.S.S.G. § 5K1.1 and further reduced the level by 5 to reward defendant for his substantial assistance in the prosecution of others. The adjusted range after the departure was 78-97 months. Finally, upon consideration of the factors set forth in 18 U.S.C. § 3553(a), I imposed a sentence of 96 months imprisonment.[1] Petitioner took no appeal.

## II. DISCUSSION

**A.   Applicable Legal Standard**

In order to demonstrate ineffective assistance of counsel, petitioner must show two things. First, he must show that "counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Strickland v. Washington, 466 U.S. 668,

---

[1]Petitioner was sentenced on June 14, 2005, after the Supreme Court issued its decision in United States v. Booker, 543 U.S. 220 (2005).

687 (1984). Second, petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694.

In the present case, petitioner claims that counsel performed deficiently by failing to investigate and challenge his criminal history category and/or move for a departure therefrom. In Glover v. United States, 531 U.S. 198 (2001), the Supreme Court held that counsel's failure to protect a client's rights under the guidelines could, if additional prison time resulted, constitute ineffective assistance. Noting that Glover arose under the "determinate system of constrained discretion" of the pre-Booker federal sentencing guidelines, id. at 204, the government argues that mere guideline errors do not result in prejudice in the post-Booker world, in which the court has greater discretion to impose a sentence outside the guidelines range. Because counsel did not commit any prejudicial error in this case, I need not consider whether the Glover prejudice analysis survives the guidelines' demotion from mandatory to advisory.

**B.    Analysis**

The PSR assessed petitioner with 5 criminal history points in this case: 1 point for a 1995 assault conviction (PSR ¶ 78); 1 point for a 1996 attempted possession of a forged instrument conviction (PSR ¶ 81); 1 point for a 1998 petit larceny conviction (PSR ¶ 84); and 2 points because petitioner commenced the instant offense while on probation (PSR ¶ 88), see U.S.S.G. § 4A1.1(d). Petitioner does not question the assault conviction, but he contends that counsel should have contested the other two convictions and the 2 points under § 4A1.1(d). He further argues that counsel should have argued for a departure and/or a non-guideline sentence based on the overstatement of his criminal history. Finally, he contends that

3

consideration of his prior record violated his constitutional rights.

### 1. 1996 Attempted Possession of a Forged Instrument Conviction

On October 1, 1996, petitioner was sentenced to one year conditional discharge and a $500 fine by a New York court based on his conviction of attempted possession of a forged instrument, third degree. The PSR writer was unable to obtain the arrest report, but petitioner advised her that the charge arose out of his possession of a driver's license in another person's name. (PSR ¶¶ 81-82.) In his memorandum in support of his § 2255 motion, petitioner states that he presented the license to a police officer in order to obtain an impound release for his vehicle.

Petitioner contends that this offense is similar to "false information to a police officer," an offense excluded from the defendant's criminal history unless "(A) the sentence was a term of probation of at least one year or a term of imprisonment of at least thirty days, or (B) the prior offense was similar to an instant offense." U.S.S.G. § 4A1.2(c)(1). Petitioner further claims that "conditional discharge" under New York law is not the same as probation.

The argument fails. First, petitioner cites no authority for the proposition that possession of a forged instrument is akin to "false information to a police officer." Second, and more importantly, "conditional discharge" under N.Y. Penal Law § 65.05 qualifies as a term of probation under U.S.S.G. § 4A1.2(c)(1)(A). United States v. Ramirez, 421 F.3d 159, 163-67 (2d Cir. 2005); see also United States v. Zuniga-Lazaro, 388 F.3d 308, 315-16 (7th Cir. 2004) (holding that Illinois conditional discharge sentence was equivalent to probation for purposes of § 4A1.2(c)(1)). Because petitioner was on supervision for at least one year, this conviction counts, even if it is similar to false information to a police officer. Therefore, any challenge to the inclusion of this offense in defendant's criminal history would have been futile. See James

4

v. Borg, 24 F.3d 20, 27 (9th Cir. 1994) ("Counsel's failure to make a futile motion does not constitute ineffective assistance of counsel.").

### 2. 1998 Petit Larceny Conviction

On June 3, 1998, petitioner was convicted of petit larceny in New York and sentenced to three years probation. According to the PSR, petitioner discharged from probation on July 7, 2001. (PSR ¶ 84.) Petitioner contends that this conviction is akin to "insufficient funds check," another offense excluded under U.S.S.G. § 4A1.2(c)(1) unless the sentence was at least thirty days imprisonment or one year probation, or the offense was similar to the instant offense.

Because this offense properly scored criminal history points, counsel was not ineffective in failing to challenge it. First, according to the PSR and the plea hearing transcript he attaches to his supporting memorandum, petitioner pleaded guilty to stealing property from various local merchants, not passing insufficient funds checks. Courts have regularly rejected arguments that petty theft-type offenses fall under the general exclusion of U.S.S.G. § 4A1.2(c)(1). See, e.g., United States v. Lamm, 392 F.3d 130, 133 (5th Cir. 2004) (citing United States v. Harris, 325 F.3d 865, 872-73 (7th Cir. 2003)); United States v. Waller, 218 F.3d 856, 857-58 (8th Cir. 2000).[2] It is true that, according to the PSR, petitioner obtained the merchandise at issue by writing bad checks. (PSR ¶ 85.) The criminal complaints petitioner attaches to his supporting memorandum say basically the same thing. However, even if I were to look beneath the label attached to the offense of conviction and analyze the underlying facts, petitioner's argument

---

[2] Petitioner cites United States v. Lopez-Pastrana, 244 F.3d 1025 (9th Cir. 2001), which held that a Nevada shoplifting conviction was similar to insufficient funds check. However, the Seventh Circuit has rejected Lopez-Pastrana. See Harris, 325 F.3d at 873.

5

would fail.³ The PSR and the complaints indicate that petitioner wrote the checks on a closed account. Application note 13 to § 4A1.2 makes clear that the offense of insufficient funds check "does not include any conviction establishing that the defendant used a . . . non-existent account." U.S.S.G. § 4A1.2 cmt. n.13. A closed account is treated as a non-existent account under this application note. United States v. McClain, No. 98-30227, 1999 U.S. App. LEXIS 7461, at *2-3 (9th Cir. Apr. 15, 1999); United States v. Wilson, 980 F.2d 259, 262-63 (4th Cir. 1992). Therefore, counsel could not have made a viable argument that this offense was excludable under § 4A1.2(c)(1).

Second, even if petitioner's petit larceny offense did fall under § 4A1.2(c)(1), he was sentenced to three years probation, a sentence sufficient to score the offense. Petitioner contends that the sentence was illegal because it apparently extended beyond three years, from June 3, 1998 to July 7, 2001, while New York law limits probation in these types of cases to three years. Even assuming, arguendo, that the sentence was "illegal,"⁴ petitioner fails to demonstrate that the conviction therefore cannot score criminal history points. In the Seventh Circuit, "a defendant may not collaterally attack a prior state conviction at sentencing unless

---

³In United States v. Patasnik, 89 F.3d 63, 74-75 (2d Cir. 1996), the court suggested that a New York petit larceny conviction based on passing a bad check could be excludable under U.S.S.G. § 4A1.2(c)(1).

⁴As the government notes in its response, there are several legitimate reasons why the sentence appeared to exceed three years. It may be that the sentence did not commence immediately upon imposition. Perhaps petitioner's probation was extended, tolled or revoked. Perhaps the probation agent was tardy in entering the discharge in the record. Perhaps the PSR got the discharge date wrong. Because the PSR writer was unable to obtain the supervision file, we cannot know for sure. In his reply brief, petitioner states that this is all speculation on the part of the government. However, at this stage, the burden is on petitioner to demonstrate the validity of his contentions, and he has failed to show that this sentence was illegal.

6

the conviction is presumptively void – that is, the lack of constitutionally guaranteed procedures is plainly detectable from the face of the record." United States v. Hoggard, 61 F.3d 540, 542 (7th Cir. 1995). Ordinarily, this requires the defendant to show that he was unconstitutionally deprived of counsel. See, e.g., United States v. Redding, 104 F.3d 96, 99 (7th Cir. 1996). It is clear that petitioner was represented by counsel in this New York case. Petitioner demonstrates no other constitutional flaw in the New York proceeding, and he cites no authority for the proposition that keeping him on probation a little too long renders the conviction void under the guidelines. Therefore, I cannot conclude that counsel was ineffective for failing to challenge the scoring of this case. Further, it is undisputed that petitioner committed the instant fraud offenses between November 22, 1999 and February 26, 2003, during the period of time he was on probation on the New York petit larceny case. (PSR ¶ 88.) And there is no factual basis for an argument that petitioner was subjected to the 2 criminal history points under U.S.S.G. § 4A1.1(d) because his probation extended beyond the three year limit. Accordingly, counsel was not ineffective for failing to challenge those points, either.

### 3. Departure from Criminal History Category

Petitioner next contends that his lawyer should have argued that criminal history category III overstated the seriousness of his record. See U.S.S.G. § 4A1.3(b)(1) ("If reliable information indicates that the defendant's criminal history category substantially over-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes, a downward departure may be warranted."). Petitioner argues that a departure was warranted because his priors were minor and resulted in no jail time.

Counsel was not ineffective in this regard. Given the seriousness of the instant offenses

7

and the nature of petitioner's prior convictions, I would not have granted such a motion. Nor would I have considered reducing the sentence on this basis under 18 U.S.C. § 3553(a). Indeed, in imposing the ultimate sentence in this case under § 3553(a), I chose a term near the top of the advisory range. I was clearly disinclined to exercise discretion by lowering the sentence beyond that supported by the government's § 5K1.1 motion. This was an aggravated offense, which caused losses exceeding $5,000,000. Petitioner was the mastermind of the scheme and recruited others, including members of his own family. Further, petitioner's prior offenses, while they might at first blush appear minor, were also economic crimes involving deceit. I found petitioner to present a risk of recidivism given his record.[5] Thus, any argument counsel may have made in this regard would have failed, and petitioner accordingly suffered no prejudice.

### 4. Constitutional Challenge to Consideration of Prior Record

Finally, citing the dissenting opinions of Justices Thomas and Scalia, petitioner argues that prior convictions cannot be used to enhance a sentence unless they are either admitted by the defendant or proven to a jury beyond a reasonable doubt. A majority of the Supreme Court has yet to accept this argument. See Booker, 543 U.S. at 229 (continuing to exempt prior convictions from the Apprendi rule); United States v. Stevens, 453 F.3d 963, 967 (7th Cir.), cert. denied, 127 S. Ct. 611 (2006) ("Unless or until the Supreme Court overrules

---

[5]I note that petitioner was also convicted of petit larceny in 1984. (PSR ¶ 75.) Although this conviction did not score criminal history points due to its age, see U.S.S.G. § 4A1.2(e), it provides further support for denying a downward criminal history departure. Cf. U.S.S.G. § 4A1.2 cmt. n.8 ("If the court finds that a sentence imposed outside this time period is evidence of similar, or serious dissimilar, criminal conduct, the court may consider this information in determining whether an upward departure is warranted under § 4A1.3 (Adequacy of Criminal History Category).").

8

Almendarez-Torres, the district court does not violate a defendant's Sixth Amendment right to a jury trial by making findings as to his criminal record that expose him to greater criminal penalties.") (internal citation and quote marks omitted). Counsel was not required to argue the contrary to provide effective assistance.

Petitioner also contends that considering his prior convictions violated his rights under the Double Jeopardy Clause. Because such an argument could have gone nowhere, see, e.g., United States v. Andrews, 447 F.3d 806, 810 (10th Cir. 2006) (holding that consideration of prior offenses under the guidelines does not violate double jeopardy); Kokoraleis v. Gilmore, 131 F.3d 692, 695 (7th Cir. 1997) (stating that "enhancing the punishment for a person's latest offense on account of prior criminal conduct does not impose a second punishment for that conduct"), counsel was also not required to make it.[6]

### III. CONCLUSION

**THEREFORE, IT IS ORDERED** that petitioner's § 2255 motion is **DENIED**, and this case is **DISMISSED**. The Clerk is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 19th day of April, 2007.

/s Lynn Adelman
_____
LYNN ADELMAN
District Judge

---

[6] Petitioner also notes that his plea colloquies in the two New York cases discussed above may have been deficient. However, he states that he is not mounting a collateral attack on this basis; rather, he contends that the convictions should accordingly receive less weight under Booker. I disagree. Petitioner at no point claims that he is not guilty of those offenses, and for the reasons stated in the text, I would not, even if this particular argument had been pressed by counsel, have imposed a lower sentence.

9